[No. 17610. Department One. March 28, 1923.]

R. K. SUTTON, *Appellant*, v. SPOKANE UNION STOCK-
YARDS, *Respondent*.[1]

WAREHOUSEMEN—REGULATION OF BUSINESS—GUARANTEE OF STOCK.
It is a reasonable and valid rule for a public stockyards concern,
handling interstate business, to provide an immunizing and vac-
cinating pen for the treatment of hogs and establishing a schedule
of fees, and naming a competent veterinarian to administer serum
under Federal supervision.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered May 25, 1922, dismissing an action for an injunction, tried to the court. Affirmed.

*James P. Dillard* and *James A. Brown*, for appellant.

*Danson, Williams & Danson* (*R. E. Lowe*, of counsel), for respondent.

MACKINTOSH, J.—The respondent is conducting a public stockyard in which it is handling an interstate business, and, pursuant to the requirements of the Federal government, has provided an immunizing and vaccinating pen for the treatment of hogs, and in connection with the operation of the pen has made an order, effective November 1, 1921, establishing a schedule of prices and fees, and containing also this provision: "All serum and virus will be administered by Dr. Bernard Johnson, under Federal supervision."

[1] Reported in 213 Pac. 925.

It is to this provision that the complaint of the appellant is addressed.

That complaint alleges that the appellant is a hog buyer and feeder and that he brings this action on behalf of himself and others similarly situated, who constitute a majority of those using the respondent's pen, for the purpose of having the provision to which we have called attention declared unreasonable, to the end that the appellant and those likeminded may employ a veterinarian of their own selection to treat their hogs. The question presented is whether the rule adopted by the respondent is reasonable.

An examination of the record satisfied the trial court, as it satisfies us, that there is nothing unreasonable about this requirement. The rule applies alike to all using the pen. There was no proof offered, nor is there any suggestion, that the veterinarian selected by the respondent is not thoroughly qualified and competent. Under the law, the respondent is required to furnish certain reports of the work done by the veterinarian, and the evidence shows it was to facilitate the performance of this duty that a veterinarian of its own selection was chosen. The testimony further shows that, under the system which prevailed before the adoption of this rule, delays and additional expenses were sometimes incurred through difficulty in locating the veterinarians employed by customers; that, if customers were allowed to select their own veterinarians, it might result in varying charges for the same work, and, altogether, that the pen will operate more efficiently and satisfactorily with the veterinarian chosen by the respondent in charge.

No authorities strictly in point have been cited by either of the parties to the action, but some analogy may be found between the situation here and that

involved in cases arising under the Federal interstate commerce act, where it has been held that shippers might be compelled to make use of the facilities furnished by the railroad companies, where, under the law, the railroad companies were obliged to furnish such facilities, even though the shipper might prefer to provide the service himself. *Atchison, T. & S. F. R. Co. v. United States*, 232 U. S. 199.

Finding that the rule established is reasonable, we affirm the judgment of the superior court.

MAIN, C. J., BRIDGES, HOLCOMB, and MITCHELL, JJ., concur.